**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **ALTO DYNAMICS,** § § *Plaintiff* § § **v.** § § **ROADGET BUSINESS PTE. LTD.,** § § *Defendant.* § § | **CIVIL ACTION NO. 2:22-cv-00350** **JURY DEMANDED** |

**DEFENDANT ROADGET BUSINESS PTE. LTD.'S MOTION TO DISMISS
PURSUANT TO RULE 12(B)(6)**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL AND PROCEDURAL BACKGROUND | 1 |
| | a. Direct Infringement | 2 |
| | b. Indirect Infringement | 3 |
| | c. Willful Infringement | 3 |
| III. | LEGAL STANDARD | 4 |
| IV. | ARGUMENT | 4 |
| | a. The Complaint does not state a plausible claim for direct infringement. | 4 |
| | b. The Complaint does not state a plausible claim for indirect infringement of the '018, '160, or '513 Patents. | 7 |
| | c. Alto fails to sufficiently plead willful infringement of the '018, '160, and '513 Patents. | 9 |
| V. | CONCLUSION | 10 |

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Achates Reference Pub., Inc. v. Symantec Corp.*,
   No. 2:11-CV-294-JRG-RSP, 2013 WL 693955 (E.D. Tex. Jan. 10, 2013)................................9

*Alto Dynamics, LLC v. GoBrands, Inc.*,
   Case No. 6:22-cv-00389 (W.D. Tex.).......................................................................................2

*Alto Dynamics, LLC v. Houzz, Inc.*,
   Case No. 1:22-cv-01349 (D. Del.)............................................................................................2

*Alto Dynamics, LLC v. Redfin Corp.*,
   Case No. 2:22-cv-00064 (E.D. Tex.).........................................................................................2

*Alto Dynamics, LLC v. StockX LLC*,
   Case No. 6:22-cv-01037 (W.D. Tex.)........................................................................................2

*Alto Dynamics, LLC v. Vacasa LLC*,
   Case No. 6:22-cv-01286 (W.D. Tex.)........................................................................................2

*Alto Dynamics, LLC v. Wayfair LLC*,
   Case No. 1:22-cv-00829 (W.D. Tex.)........................................................................................2

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).............................................................................................................4, 5

*Bedrock Computer Techs., LLC v. Softlayer Techs. Inc.*,
   No. 6:09-CV-269, 2010 WL 5175172 (E.D. Tex. Mar. 29, 2010) ...........................................4

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..................................................................................................................5

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012).................................................................................................9

*Bot M8 LLC v. Sony Corp. of Am.*,
   4 F.4th 1342 (Fed. Cir. 2021) ...................................................................................................5

*Chapterhouse, LLC v. Shopify, Inc.*,
   No. 2:18-cv-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018).................................6

*Edwin Vega v. Maxim Integrated Prod., Inc.*,
   No. 5:15-CV-1138-DAE, 2016 U.S. Dist. LEXIS 191398 (W.D. Tex. Jun. 14, 2016) ........................................................................................................................................4

*Fractus, S.A. v. TCL Corp.*,
 No. 2:20-cv-00097-JRG, 2021 WL 2483155 (E.D. Tex. June 2, 2021) .................................. 10

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
 869 F.3d 1372 (Fed. Cir. 2017) .......................................................................................... 4

*Linear Tech. Corp. v. Impala Linear Corp.*,
 379 F.3d 1311 (Fed. Cir. 2004) .......................................................................................... 7

*Maxell Ltd. v. Apple Inc.*,
 No. 5:19-CV-00036-RWS, 2019 WL 7905455 (E.D. Tex. Oct. 23, 2019) ........................... 10

*Motiva Pats., LLC v. Sony Corp.*,
 408 F. Supp. 3d 819 (E.D. Tex. 2019) ................................................................................ 7

*Nobelbiz, Inc. v. Insidesales.com, Inc.*,
 No. 6:13-cv-360-MHS, 2014 WL 12378804 (E.D. Tex. Oct. 14, 2014) ................................ 9

*Ruby Sands LLC v. Am. Nat'l Bank of Texas*,
 No. 2:15-CV-1955-JRG, 2016 WL 3542430 (E.D. Tex. June 28, 2016) ........................... 7, 8

*Soar Tools, LLC v. Mesquite Oil Tools, Inc.*,
 No. 5:19-CV-243-H, 2020 WL 5500238 (N.D. Tex. Sept. 11, 2020) ................................... 5

*Soar Tools, LLC v. Mesquite Oil Tools, Inc.*,
 No. 5:19-CV-243-H, 2021 WL 3030066 (N.D. Tex. July 2, 2021) ...................................... 6

**Other Authorities**

U.S. Patent Nos. 6,604,100 ............................................................................................ 1, 2, 3, 6

I.      INTRODUCTION

Plaintiff Alto Dynamics, LLC's ("Alto") Complaint for Patent Infringement (Dkt. No. 1) (the "Complaint") fails to allege sufficient facts to plausibly support claims for patent infringement. Alto's Complaint alleges that Defendant Roadget Business Pte. Ltd. ("Roadget") infringes U.S. Patent Nos. 6,604,100 (the "'100 Patent"), 6,662,190 (the "'190 Patent"), 7,152,018 (the "'018 Patent"), 7,392,160 (the "'160 Patent"), 7,657,531 (the "'531 Patent"), 8,051,098 (the "'098 Patent"), and RE46,513 (the "'513 Patent") (collectively, the "Asserted Patents" or "Patents-in-Suit"). The Complaint repeats boilerplate allegations that Roadget's website infringes the claims of each Asserted Patent. However, the Complaint omits any identification of features or functionalities that allegedly meet the claimed limitations. Even taking Alto's allegations as true, the Complaint does not state a plausible claim for relief, and should be dismissed.

Alto's allegations of indirect and willful infringement are likewise deficient. Alto has not alleged that Roadget had knowledge of the Asserted Patents before the Complaint was filed, let alone any culpable mental state to support induced, contributory, or willful infringement. The Complaint merely recites bare legal standards, with no facts in support. Roadget respectfully requests that the Court dismiss the Complaint in its entirety.

II.     FACTUAL AND PROCEDURAL BACKGROUND

Alto filed its Complaint against Roadget on September 9, 2022.[1] (*See* Dkt. No. 1). The Complaint alleges that Roadget "owns, operates, advertises, and/or controls the website https://us.shein.com and associated hardware, software and functionality." (*Id*. ¶ 14). Alto further alleges that Roadget's website:

> [A]llows users to view, search, save, and purchase items on Defendant's online sales platform, tracks user activities and

---

[1] Pursuant to a stipulation by the parties, which was accepted and acknowledged by the Court, Roadget's response to the Complaint due on January 9, 2023. (Dkt. Nos. 11, 12).

1

> preferences (e.g., using cookies), provides website and user authentication (*e.g.*, using user login processes and secured sessions), employs internal company analytics that it offers to its employees and staff, delivers customized advertisements and electronic product placements, provides a browsing history and the ability to query and re-select items, and allows for the processing of resumes for job applications, and with respect to at least some of the foregoing features, provides them through its mobile apps available through the App Store and Google Play . . . .

(*Id.*). This identification of the "Accused Instrumentalities" simply accuses Roadget's entire website of infringement and repeats the claim language of the Asserted Patents.[2]

### a.   Direct Infringement

The Complaint proceeds to allege direct infringement of the Asserted Patents by doing no more than restating claim language. For example, compare Paragraph 22 of the Complaint to Claim 1 of the '100 Patent:

| Complaint ¶ 22 | '100 Patent, Claim 1 |
|---|---|
| [T]he Accused Instrumentalities employ database searching and viewing capabilities, including by performing, and allowing users to perform, **a method for converting relational data from a relational database into a structured document, comprising the steps of** <span style="color:red">storing a view query that defines a structured document view of the relational database, a structure of the view query being independent of a structure of data in the relational database</span>; <span style="color:green">receiving a user query against the structured document view</span>; <span style="color:blue">forming an executable query by determining a composition of the view</span> | **A method for converting relational data from a relational database into a structured document comprising the steps of:** <span style="color:red">storing a view query that defines a structured document view of the relational database, a structure of the view query being independent of a structure of data in the relational database</span>; <span style="color:green">receiving a user query against the structured document view</span>; <span style="color:blue">forming an executable query by determining a composition of the view query and the user query</span>; partitioning the executable query into a data extraction portion and a construction portion; |

---

[2] Alto has alleged infringement of the Asserted Patents in the same cursory manner in other cases. *See, e.g.*, *Alto Dynamics, LLC v. Redfin Corp.*, Case No. 2:22-cv-00064, (Dkt. No. 1 ¶ 17) (E.D. Tex.); *Alto Dynamics, LLC v. GoBrands, Inc.*, Case No. 6:22-cv-00389 (Dkt. No. 1 ¶ 20) (W.D. Tex.); *Alto Dynamics, LLC v. Wayfair LLC*, Case No. 1:22-cv-00829 (Dkt. No. 1 ¶ 16) (W.D. Tex.); *Alto Dynamics, LLC v. StockX LLC*, Case No. 6:22-cv-01037 (Dkt. No. 1 ¶ 17) (W.D. Tex.); *Alto Dynamics, LLC v. Houzz, Inc.*, Case No. 1:22-cv-01349 (Dkt. No. 1 ¶ 14) (D. Del.); *Alto Dynamics, LLC v. Vacasa LLC*, Case No. 6:22-cv-01286 (Dkt. No. 1 ¶ 18) (W.D. Tex.).

| Complaint ¶ 22 | '100 Patent, Claim 1 |
|---|---|
| query and the user query; partitioning the executable query into a data extraction portion and a construction portion; transmitting the data extraction portion to the relational database; receiving at least one tuple stream from the relational database according to the data extraction portion; and merging the at least one tuple stream and the construction portion to generate a structured document, wherein the structured document view is capable of defining a document of arbitrary nesting depth. | transmitting the data extraction portion to the relational database; receiving at least one tuple stream from the relational database according to the data extraction portion; and merging the at least one tuple stream and the construction portion to generate a structured document, wherein the structured document view is capable of defining a document of arbitrary nesting depth. |

(*Id*. ¶ 22; Dkt. No. 1-1 at 25:61 – 26:16). Alto alleges direct infringement in the same way for each Asserted Patent—simply by restating claim language. (*Id*. ¶¶ 34, 46, 63, 80, 92, 104).

### b. Indirect Infringement

Alto's allegations of indirect infringement are likewise conclusory. For each Patent-in-Suit, Alto alleges that Roadget "has a policy or practice of not reviewing the patents of others . . . and thus has been willfully blind of Plaintiff's patent rights." (*Id*. ¶¶ 23, 35, 50, 67, 81, 93, 106). The Complaint alleges that Roadget indirectly infringes the '018 and '160 Patents by induced and contributory infringement solely by listing the elements of induced and contributory infringement. (*Id*. ¶¶ 47–48, 64–65). As to the '513 Patent, Alto does not even repeat such conclusory allegations, and just states that Roadget "has directly infringed and continues to indirectly infringe." (*Id*. ¶ 103). Alto does not allege pre-suit knowledge of the Asserted Patents anywhere in the Complaint.

### c. Willful Infringement

Alto alleges that Roadget has willfully infringed the '018, '160, and '513 Patents by stating that Roadget's "direct and indirect infringement . . . has been, and continues to be willful,

3

intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent." (*Id*. ¶¶ 52, 69, 108).

## III. LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard is not met unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Additionally, a complaint must "place the alleged infringer on notice of what activity is being accused of infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (internal citations and quotations marks omitted).

## IV. ARGUMENT

### a. The Complaint does not state a plausible claim for direct infringement.

Alto's Complaint should be dismissed because it fails to state a plausible claim for direct infringement. The Complaint does not identify a specific product that infringes the Asserted Patents. Instead, Alto alleges infringement by Roadget's entire website and generically lists claim language. (Dkt. No. 1 ¶ 14). A complaint for patent infringement does not state a cognizable claim where the complaint "does not identify any accused products, services, or methods or other infringing acts for the patent-in-suit." *Bedrock Computer Techs., LLC v. Softlayer Techs. Inc.*, No. 6:09-CV-269, 2010 WL 5175172, at *3 (E.D. Tex. Mar. 29, 2010); *Edwin Vega v. Maxim Integrated Prod., Inc.*, No. 5:15-CV-1138-DAE, 2016 U.S. Dist. LEXIS 191398, at *7 (W.D. Tex. Jun. 14, 2016) (plaintiff failed "to specifically name a product . . . that allegedly infringes the

4

[patent]."); *Soar Tools, LLC v. Mesquite Oil Tools, Inc.*, No. 5:19-CV-243-H, 2020 WL 5500238, at *3 (N.D. Tex. Sept. 11, 2020) ("District courts have interpreted *Twombly*, *Iqbal*, and *Disc Disease* to require a patent-infringement plaintiff to identify an accused product by name in most cases such that the defendant is on notice of what specific conduct is alleged to constitute infringement.").

Further, the Complaint fails to identify how any accused product meets the claim limitations of the Asserted Patents. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "[A] plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021).

As noted *supra*, Section II, Alto's Complaint alleges direct infringement by restating claim language verbatim:

| Complaint ¶ 22 | '100 Patent, Claim 1 |
|---|---|
| [T]he Accused Instrumentalities employ database searching and viewing capabilities, including by performing, and allowing users to perform, **a method for converting relational data from a relational database into a structured document, comprising the steps of storing a view query that defines a structured document view of the relational database, a structure of the view query being independent of a structure of data in the relational database**; receiving a user query against the structured document view; forming an executable query by determining a composition of the view | A method for converting relational data from a relational database into a structured document comprising the steps of: **storing a view query that defines a structured document view of the relational database, a structure of the view query being independent of a structure of data in the relational database**; receiving a user query against the structured document view; forming an executable query by determining a composition of the view query and the user query; partitioning the executable query into a data extraction portion and a construction portion; |

5

| **Complaint ¶ 22** | **'100 Patent, Claim 1** |
|---|---|
| query and the user query; partitioning the executable query into a data extraction portion and a construction portion; transmitting the data extraction portion to the relational database; receiving at least one tuple stream from the relational database according to the data extraction portion; and merging the at least one tuple stream and the construction portion to generate a structured document, wherein the structured document view is capable of defining a document of arbitrary nesting depth. | transmitting the data extraction portion to the relational database; receiving at least one tuple stream from the relational database according to the data extraction portion; and merging the at least one tuple stream and the construction portion to generate a structured document, wherein the structured document view is capable of defining a document of arbitrary nesting depth. |

(Dkt. No. ¶ 22; see also id. ¶¶ 34, 46, 63, 80, 92, 104; Dkt. No. 1-1).

Alto's Complaint fails to adequately plead direct infringement under *Iqbal/Twombly*. This case is akin to *Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-cv-00300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018), in which the plaintiff's complaint did no more than list claim elements and provide screenshots, without an explanation of how the products depicted in the screenshots met claim elements. *Id.*, at *2. The Court dismissed the plaintiff's direct infringement claims, noting that the plaintiff's allegations were "conclusory" and failed to "allege how the screenshots [met] the text of the exemplary claim in order to lay out sufficient factual allegations which might permit the Court to find that the *Iqbal/Twombly* standard is met." *Id*. Here, Alto has not even provided screenshots, instead opting to list claim elements with no supporting facts whatsoever. "[A] court should dismiss a patent-infringement claim where the plaintiff merely recites that the defendant infringes a claim limitation but fails to identify the parts of the allegedly infringing instrumentality that perform the limitation or allege how the identified parts meet the text of the limitation." *Soar Tools, LLC v. Mesquite Oil Tools, Inc.*, No. 5:19-CV-243-H, 2021 WL 3030066, at *4 (N.D. Tex. July 2, 2021).

### b. The Complaint does not state a plausible claim for indirect infringement of the '018, '160, or '513 Patents.

The Complaint should be dismissed because it fails to state a plausible claim for indirect infringement of the '018, '160, or '513 Patents. Alto has not alleged that Roadget had pre-suit knowledge of any of the Asserted Patents. Although Alto alleges that Roadget was willfully blind to the patents of others, such an allegation on its own is insufficient to support claims for pre-suit damages, as Alto has failed to allege a specific policy or specific acts by Roadget to support willful blindness. *See Motiva Pats., LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 834 (E.D. Tex. 2019) ("[T]he Court concludes that the requirements of *Twombly* are met when a plaintiff identifies the existence of a specific policy of willful blindness or specific acts of willfully blind conduct.").

Alto's failure to sufficiently plead direct infringement justifies the dismissal of its indirect infringement claims. "There can be no inducement or contributory infringement without an underlying act of direct infringement." *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004).

Alto's claims for induced infringement are deficient. "To state a claim for induced infringement, a plaintiff must allege facts to plausibly support the assertion that the defendant specifically intended a third party to directly infringe the plaintiff's patent and knew that the third party's acts constituted infringement." *Ruby Sands LLC v. Am. Nat'l Bank of Texas*, No. 2:15-CV-1955-JRG, 2016 WL 3542430, at *3 (E.D. Tex. June 28, 2016). The Complaint lacks sufficient facts to show that a third party directly infringes, Roadget has any knowledge of infringement, and Roadget intended to induce infringement At best, Alto simply alleges that Roadget advertised and provided products to be used "in an infringing manner," as in the below example:

> Defendant took active steps, directly or through contractual relationships with others, with the specific intent to cause them to use the Accused Instrumentalities in a manner that infringes one or more claims of the '018 patent, including, for example, claim 1 of

7

> the '018 patent. Such steps by Defendant included, among other things, **advising or directing personnel, contractors, or end-users to make or use** the Accused Instrumentalities **in an infringing manner**; **advertising and promoting the use of** the Accused Instrumentalities **in an infringing manner**; or **distributing instructions that guide users to use** the Accused Instrumentalities **in an infringing manner**.

(Dkt. No. 1 ¶ 47) (emphasis added); (*see also id*. ¶ 64). Alto does not even make these threadbare allegations with regard to the '513 Patent.

Likewise, Alto has not adequately pled facts to support contributory infringement. "To state a claim for contributory infringement, a plaintiff must allege facts to plausibly support the assertion that there was (1) an act of direct infringement; (2) that the defendant knew that the combination for which its components were especially made was both patented and infringed; and (3) the components have no substantial non-infringing use." *Ruby Sands*, 2016 WL 3542430, at *3.

Alto's allegations of contributory infringement are simply that Roadget "has contributed and continues to contribute to the direct infringement of the ['018 Patent/'160 Patent] by personnel, contractors, customers, and other end users **by encouraging them to use the Accused Instrumentalities to perform the steps of the patented process** as described in one or more claims of the ['018 Patent/'160 Patent]." (Dkt. No. 1 ¶¶ 48, 65) (emphasis added). The allegations simply list the elements of contributory infringement, stating that the accused products "have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe one or more claims" of the '018 and '160 Patents, that the special features "constitute a material part of the invention" of the '018 and '160 Patents, and that the special features "are not staple articles of commerce suitable for substantial non-infringing use." (*Id*.). Alto's allegations with regard to the '513 Patent are even more sparse, and omit the elements of contributory infringement.

8

As already noted, Alto has not sufficiently alleged direct infringement. Additionally, Alto's Complaint fails to allege that Roadget had knowledge of the '018, '160, or '513 Patents. Further, Alto has not properly alleged facts to show that components of the accused website have no substantial noninfringing uses or are a material part of the inventions of the Asserted Patents. It is insufficient to assert "nothing more than 'if you use this device to perform the patented method, the device will infringe and has no noninfringing uses.'" *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012) (affirming dismissal of contributory infringement claims); *see also Nobelbiz, Inc. v. Insidesales.com, Inc.*, No. 6:13-cv-360-MHS, 2014 WL 12378804, at *3 (E.D. Tex. Oct. 14, 2014) (dismissing contributory infringement claim for two reasons: "[f]irst, there is no factual allegation as to the possible non-infringing use of [the accused product] . . . . Second, NobelBiz has not alleged any facts to allow the Court to infer that InsideSales actually knew of the [patents-in-suit]."). Alto's allegations of contributory infringement of the '018 and '160 Patents are merely a recitation of the elements of contributory infringement, without any supporting facts. (Dkt. No. 1 ¶¶ 48, 65). Alto's claim of contributory infringement of the '513 Patent does not even include such conclusory allegations.

  **c.**  **Alto fails to sufficiently plead willful infringement of the '018, '160, and '513 Patents.**

Alto only alleges, with respect to the '018, '160, and '513 Patents, that "Defendant's direct and indirect infringement . . . is, has been, and continues to be willful, intentional, deliberate, or in conscious disregard of Plaintiff's rights under the patent." (*Id*. ¶¶ 52, 69, 108). Alto's conclusory allegations are insufficient to plead willful infringement. *Achates Reference Pub., Inc. v. Symantec Corp.*, No. 2:11-CV-294-JRG-RSP, 2013 WL 693955, at *3 (E.D. Tex. Jan. 10, 2013), *report and recommendation adopted*, No. 2:11-CV-294-JRG-RSP, 2013 WL 693885 (E.D. Tex. Feb. 26,

9

2013) ("The Court finds that the bare assertion that Symantec's infringement was willful is not sufficient to plead a plausible claim for relief.").

First, Alto has failed to adequately allege willful blindness. *See supra*, Section IV.b. Second, Alto has failed to allege facts to show that Roadget had any actual or constructive knowledge of the '018, '160, or '513 Patents. "'[A] plaintiff alleging a cause of action for willful infringement must plead facts giving rise to at least a showing of objective recklessness of the infringement risk. . . . Actual knowledge of infringement or the infringement risk is not necessary to plead a claim for willful infringement, but the complaint must adequately allege factual circumstances in which the patents-in-suit [are] called to the attention of the defendants.'" *Maxell Ltd. v. Apple Inc.*, No. 5:19-CV-00036-RWS, 2019 WL 7905455, at *3 (E.D. Tex. Oct. 23, 2019) (quoting *Monec Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012)). Third, Alto's Complaint lacks any allegations of "culpable conduct" or "any set of facts supporting an inference of culpable conduct." *Fractus, S.A. v. TCL Corp.*, No. 2:20-cv-00097-JRG, 2021 WL 2483155, at *4 (E.D. Tex. June 2, 2021).

## V.   CONCLUSION

For the reasons stated herein, Roadget respectfully requests that the Court dismiss Alto's Complaint.

Respectfully submitted,

*/s/ John M. Jackson*
John M. Jackson
Texas Bar No. 24002340
jjackson@jw.com
William T. Nilsson
Texas Bar No. 24123350
wnilsson@jw.com
**JACKSON WALKER L.L.P.**
2323 Ross Ave., Suite 600
Dallas, Texas  75201
Telephone:  (214) 953-6000
Facsimile:   (214) 661-6645

**ATTORNEYS FOR DEFENDANT ROADGET BUSINESS PTE. LTD.**

## **CERTIFICATE OF SERVICE**

I certify that on January 9, 2023, the foregoing document was served, via the Court's CM/ECF Document Filing System, upon the following registered CM/ECF users:

Jonathan L. Hardt
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite C
Austin, Texas 78701

C. Matthew Rozier
**ROZIER HARDT MCDONOUGH PLLC**
2590 Walnut Street, Suite 10
Denver, Colorado 80205

James F. McDonough, III
Jonathan R. Miller
Travis E. Lynch
**ROZIER HARDT MCDONOUGH PLLC**
3621 Vinings Slope, Suite 4300
Atlanta, Georgia 30339

>*/s/ John M. Jackson*
>John M. Jackson